# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 194

In the Interest of C.K., Jr., a child

| | |
|---|---|
| Kelley M. R. Cole, Walsh County State's Attorney, | Petitioner and Appellee |
| v. | |
| C.K., Jr., child, D.A., mother, | Respondents |
| and | |
| C.D.K., Sr., father, | Respondent and Appellant |

### No. 20230293

Appeal from the Juvenile Court of Walsh County, Northeast Judicial District, the Honorable Barbara L. Whelan, Judge.

AFFIRMED.

Per Curiam.

Kelley M. R. Cole, State's Attorney, Grafton, ND, for petitoner and appellee.

Ulysses S. Jones, Devils Lake, ND, for respondent and appellant.

**Per Curiam.**

[¶1]   C.D.K., the father, appeals from the juvenile court's corrected findings of fact, conclusions of law, and order terminating his parental rights to the minor child, C.K. The order also terminates the parental rights of the child's mother, D.A. C.D.K. argues the court erred in finding the child is in need of protection, the conditions causing the need for protection are likely to continue, and the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm. C.D.K. does not challenge the court's finding the child spent over 450 of the last 660 nights in the care, control, and custody of the human service zone.

[¶2]   The juvenile court found the child spent over 450 of the last 660 nights in the care, control, and custody of the human service zone and is in need of protection. The record supports the court's findings, and they are not clearly erroneous. We conclude C.D.K. has not shown the court abused its discretion terminating C.D.K.'s parental rights. We need not address C.D.K.'s challenge to the court's other findings. N.D.C.C. § 27-20.3-20(1)(c)(2); *Interest of R.L.-P.*, 2014 ND 28, ¶ 23, 842 N.W.2d 889 ("Because a finding that the children have been in foster care more than 450 out of the previous 660 nights, along with a finding of deprivation [now, the children are 'in need of protection'], is sufficient to terminate parental rights under N.D.C.C. § 27-20-44(1)(c) [now N.D.C.C. § 27-20.3-20(1)(c)], it is unnecessary to address the parents' challenge to the finding that the conditions and causes of the deprivation will likely continue."). We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (4).

[¶3]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr